UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                                    Plaintiff,

v.                                                          1:25-cv-00332 (AMN/PJE)

$3,093.25 in U.S. Currency,

                                    Defendant.

---

**APPEARANCES:**                              **OF COUNSEL:**

**United States Attorney for the**            **NICHOLAS C.E. WALTER, ESQ.**
**Northern District of New York**             Assistant United States Attorney
445 Broadway – Room 218
Albany, New York 12207

100 South Clinton Street                      **JEFFREY D. BROWN, ESQ.**
Syracuse, New York 13261                      Assistant United States Attorney
*Attorneys for Plaintiff*

**SHAHID SMITH**
24-B-1965
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902
Claimant *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

## ORDER

This matter coming before the Court on the Government's motion to dismiss this case pursuant to Federal Rule of Civil Procedure 41(a)(2), the Court, having reviewed such motion hereby:

**ORDERS** that the Government's motion to dismiss, Dkt. No. 18, is **GRANTED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on the parties in accordance with the

Local Rules.[1,2]

       **IT IS SO ORDERED.**

Dated: July 22, 2026
       Albany, New York

                                   Anne M. Nardacci
                                   U.S. District Judge

---

[1] The Government also requests the entry of a certificate of reasonable cause pursuant to 28 U.S.C. § 2465(a)(2). *See* Dkt. No. 18-1 at 3-4.  A certificate of reasonable cause is properly issued "only 'upon the entry of a judgment for the claimant.'"  *United States v. Ross*, 161 F.4th 100, 126 (2d Cir. 2025) (quoting 28 U.S.C. § 2465(a)(2) and citing *United States v. 4,432 Mastercases of Cigarettes, More or Less*, 448 F.3d 1168, 1183 (9th Cir. 2006) (describing 28 U.S.C. § 2465 as requiring "judicial determination that the government wrongly seized property for forfeiture")). Accordingly, given that no judgment has been entered in the Claimant's favor, the Government's request for an entry of a certificate of reasonable cause is denied.

[2] Claimant's letter motions requesting the appointment of counsel and assistance with the return of his funds are denied as moot.  *See* Dkt. Nos. 21-24.